```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                         WESTERN DIVISION


BOBBY MOSBY                                                PLAINTIFF

VS.                           CIVIL ACTION NO. 5:05-cv-174(DCB)(JMR)

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY, WILBUR JORDAN,
YOLANDA B. WHITE, JOHN DOE ENTITIES
1-5, AND JOHN DOE PERSONS 1-5                             DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendant Yolanda B. White's motion to dismiss **(docket entry 5)** and on the plaintiff Bobby Mosby's motion to remand **(docket entry 21)** and for costs **(docket entry 23)**. Having carefully considered the motions and responses, the parties' memorandum briefs and the applicable law, the Court finds as follows:

On or about August 15, 2005, the plaintiff commenced this action by filing her complaint in the Circuit Court of Jefferson County, Mississippi. The complaint names as defendants Allstate Property and Casualty Insurance Company ("Allstate"), Wilbur Jordan ("Jordan"), and Yolanda B. White ("White"). It is undisputed that there is complete diversity of citizenship between the plaintiffs and the insurance company defendants, and that the amount in controversy, exclusive of interest and costs, exceeds $75,000. It is also undisputed that defendants Wilbur and White are Mississippi residents, as is the plaintiff, so that with Wilbur's and/or White's presence in this action there is not complete diversity.

On September 21, 2005, defendant Allstate filed a Notice of Removal. The federal removal statute permits a defendant in a state court action to remove the lawsuit to federal district court if federal subject matter jurisdiction existed when the complaint was initially filed. 28 U.S.C. § 1441(a); see Baris v. Sulpico Lines, Inc., 932 F.2d 1540, 1546 (5th Cir. 1991). In other words, removal of a case from state to federal court is proper if the case could have been brought originally in federal court. Id. In its notice of Removal, Allstate contends that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Although the plaintiff and the two individual defendants are all residents of Mississippi, Allstate claims that the Court can properly exercise diversity jurisdiction over this matter because the plaintiff fraudulently joined Jordan and White to defeat the complete diversity requirement found in 28 U.S.C. § 1332. Allstate maintains that the plaintiff has no cognizable claims against Jordan and White and, therefore, complete diversity exists.

On October 6, 2005, defendant White filed a motion to dismiss. Defendant Jordan has not filed a motion to dismiss. On March 22, 2006, the court issued an Order to Show Cause, directing the plaintiff to show cause why Jordan and White should not be dismissed, based on White's motion and on Allstate's allegations of fraudulent joinder. The plaintiff responded to the Order on April 14, 2006, and on June 5, 2006, filed her Motion to Remand.

Briefing of the motion was completed on July 18, 2006. The plaintiff asserts that she did not fraudulently join Jordan and White, and accordingly, that diversity jurisdiction does not exist.

Allstate asserts that defendants Jordan and White were fraudulently joined for the purpose of defeating diversity jurisdiction. "[T]he burden of proving that a plaintiff fraudulently joined non-diverse defendants is heavy," and requires the removing defendants to prove fraudulent joinder by clear and convincing evidence. Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983); see also Jernigan v. Ashland Oil, 989 F.2d 812, 814 (5th Cir. 1993). In order to establish fraudulent joinder, the removing party must demonstrate either that no possibility exists that the plaintiff would be able to establish a cause of action against the non-diverse defendants under state law, or that an outright fraud exists in the plaintiff's pleading of the facts. Id. In other words, the removing defendant bears the responsibility of demonstrating by clear and convincing evidence that the plaintiff cannot establish any cause of action against Jordan and White under Mississippi law or, alternatively, that the plaintiff fraudulently pled the facts included in her complaint.

In B., Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir. 1981), the Fifth Circuit Court of Appeals set forth the procedure a district court should follow in deciding the issue of fraudulent joinder:

3

> The district court must then evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff. Moreover, the district court must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff.
>
> If, having assumed all of the facts set forth by the plaintiff to be true and having resolved all uncertainties as to state substantive law against the defendants, the district court should find that there is no possibility of a valid cause of action being set forth against the in-state defendant(s), only then can it be said that there has been a "fraudulent joinder." However, if there is even a possibility that a state court would find a cause of action stated against any one of the named in-state defendants on the facts alleged by the plaintiff, then the federal court must find that the in-state defendant(s) have been properly joined, that there is incomplete diversity, and that the case must be remanded to the state courts.

Id. at 549-50.

In Travis v. Irby, 326 F.3d 644 (5th Cir. 2003), the Fifth Circuit reiterated the standard by which a plaintiff's claims must be analyzed to determine the fraudulent joinder question:

> [T]he court determines whether [the plaintiff] has *any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This *possibility, however, must be reasonable*, not merely theoretical.

Travis, 326 F.3d at 648 (emphasis in original)(citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)).

The plaintiff's complaint alleges that on August 24, 2004, she visited the office of defendant White and informed her that she

4

sought to obtain homeowner's insurance because of cancellation of her coverage with Farm Bureau Insurance Company ("Farm Bureau"). Complaint, ¶¶ 17-19.  Mosby alleges that she "informed Defendant White of her existing coverage with Farm Bureau, and advised Defendant White that Farm Bureau would be canceling her existing coverage on September 8, 2004." Complaint, ¶ 28.  She alleges that "White fraudulently represented to plaintiff that this cancellation would not prevent plaintiff from obtaining coverage with Allstate and the coverage would be continuous and uninterrupted." Complaint, ¶ 20.  She further alleges that White knew or should have known that the representation was false, and that Mosby relied on White's representation in purchasing the Allstate policy and by not seeking to obtain coverage with another carrier. Complaint, ¶¶ 21-22, 28.

An Allstate homeowner's policy was issued to Mosby on August 24, 2004. Complaint, ¶ 10.  On or about September 8, 2004, and September 13, 2004, the plaintiff's home was significantly damaged in two separate fires. Complaint, ¶ 13.  The plaintiff's claim under her policy was denied by Allstate on or about December 30, 2004. Complaint, ¶ 16.  One of the reasons for Allstate's denial of the claim was the plaintiff's alleged failure to provide information to Allstate concerning the cancellation of her Farm Bureau policy. Complaint, ¶ 28.  The plaintiff contends that she provided all pertinent information to White, and that it was

White's gross negligence and fraud that resulted in the denial of her claim.  Complaint, ¶¶ 17-24.

In response to the motion to remand, Allstate has produced an affidavit which includes the following statements by White:

> 4. During the application process, I asked Bobby Mosby each question on the application and Bobby Mosby provided the responses to each of those questions.
>
> 5. One of the specific questions contained in the application that I asked Bobby Mosby was "In the past 5 years, have you ever been rejected, cancelled or nonrenewed insurance similar to the coverage applied for on this application?"
>
> 6. Bobby Mosby responded "No" to this question.
>
> 7. I was never informed by Bobby Mosby that Farm Bureau had rejected her application for insurance in July 2004.
>
> 8. I did not make any representations regarding the Farm Bureau rejection or the responses given by Bobby Mosby.

Affidavit of Yolanda B. White, ¶¶ 4-8.  Allstate further asserts that upon completion of the application by White, Mosby signed it, thereby affirming that she had read it and that the information contained therein was true.  Response to Motion to Remand, p. 3.

Mosby maintains that she gave White a copy of the letter from Farm Bureau dated July 30, 2004, which cancelled her insurance effective September 8, 2004.  Affidavit of Bobby Mosby, ¶ 5; Rebuttal Memorandum, p. 1.  She further maintains that in addition to the letter she gave correct information to White concerning the cancellation, but that White left out or altered the information given to her.  Rebuttal Memorandum, pp. 2-3.  As for her signature

on the application, Mosby asserts that under Mississippi law her signature does not bar her from attempting to prove that the answers contained in the application do not accurately reflect the information she gave to the agent.  Rebuttal Memorandum, p. 2.

In order to recover from White under a theory of intentional misrepresentation, Mosby must establish the following elements:

    (1) a representation;

    (2) its falsity;

    (3) its materiality;

    (4) White's knowledge of its falsity or ignorance of its truth;

    (5) White's intent that it should be acted upon by Mosby and in the manner reasonably contemplated;

    (6) Mosby's ignorance of its falsity;

    (7) her reliance on the truth;

    (8) her right to rely thereon; and

    (9) her consequent and proximate injury.

<u>Knight v. Armstrong Rubber Company</u>, 1991 WL 532493, *11 (S.D. Miss. 1991).  Mosby's allegations are sufficient to demonstrate a reasonable possibility of recovery against White.  In <u>Sullivan v. National States Ins. Co.</u>, 1999 WL 33537121 (N.D. Miss. 1999), similar facts were found sufficient to withstand allegations of fraudulent joinder.  In that case, an agent also assisted the insureds in completing the insurance application process.  He asked questions and recorded the answers on the forms.  When one of the

insureds revealed that he suffered from congestive heart failure, the agent told him it would not be necessary to reveal the existence of the condition if he had not yet suffered a heart attack due to the disease, and did not disclose the condition on the application. When the insured died, possibly due to the heart condition disclosed to the agent, the insurer rescinded the policy. Id. at *1.

In addressing the insurer's claim that its agent was fraudulently joined, the court noted that "'an agent for a disclosed principal incurs no liability for a breach of duty or a contract perpetrated by its disclosed principal and a third party.'" Id. at *3 (quoting Gray v. United States Fidelity & Guaranty, 646 F.Supp. 27, 29 (S.D. Miss. 1986)). However, "where the complaint includes allegations which establish a separate and independent tort against the agent, individual liability will attach." Id. (citing Gray, 646 F.Supp. at 29). The court found that the plaintiff's complaint "does allege facts which implicate [the agent] as the proverbial 'lying agent,'" and that the agent's "alleged actions, under the facts as pled in the Complaint, support a claim for intentional misrepresentation under Mississippi law." Id. (citations omitted).

The insureds in Sullivan also signed their respective application forms without reading them. Id. at *1. The Sullivan court did not address the legal effect of the insureds' signatures

on the application forms; however, the issue has been addressed elsewhere. In Pongetti v. First Continental Life & Acc. Ins. Co., 688 F.Supp. 245, 247 (N.D. Miss. 1988), the district court held that "[t]he fact that the applicant signs the application without reading it does not bar her from attempting to prove that the answers contained therein do not accurately reflect the information she gave the agent." Id. at 247 (citing World Ins. Co. v. Bethea, 230 Miss. 765, 93 So.2d 624 (1957); Home Ins. Co. of New York v. Thornhill, 165 Miss. 787, 144 So. 861 (1932)). Accord, American Income Life Ins. Co. v. Hollins, 830 So.2d 1230, 1236 (Miss. 2002) (quoting Pongetti); Nichols v. Shelter Life Ins. Co., 923 F.2d 1158, 1164 (5th Cir. 1991)(citing Pongetti).

In Thornhill, the insurer sought to rescind an insurance policy by virtue of a false answer in the application. The insured alleged that he truthfully answered the question the agent asked him while the latter was filling out the application form, but that his answer was not recorded correctly. The agent claimed that the answer he wrote was the answer given him by the insured. The application, signed by the insured, included language requiring the insured to review the application before signing it. Further, the application provided, "This company shall not be bound by any act done or statement made by or to any agent, or other person, which is not contained in this my application." The insurer argued that by signing the application without reading it, the insured had

9

adopted the erroneous statements as his own. The Mississippi Supreme Court disagreed, explaining:

> The rule that the insured is not responsible for false answers in the application where they have been inserted by the agent through mistake, negligence or fraud, is not absolute. The decisions supporting the doctrine are usually based on the theory that the insured has acted in good faith throughout, and that the false answers were inserted without his knowledge and consent .... But the insured is not chargeable with such negligence as will render him liable for false answers inserted by the agent merely because he signed the application in blank and trusted to the agent to fill it out, or because he signed an application filled out by the agent without reading it.

Thornhill, 144 So. At 862 (citations omitted). Accord, Guy v. Commonwealth Life Ins. Co., 698 F.Supp. 1305, 1313-14 (N.D. Miss. 1988), aff'd in part, 894 F.2d 1407 (5th Cir. 1990)(quoting Thornhill).

This Court finds that Mosby has alleged a separate and independent tort against White, i.e., intentional misrepresentation. Furthermore, the allegations are sufficient to demonstrate a reasonable possibility of recovery against White, despite the fact that the application was signed by Mosby. Because the Court finds that White has not been fraudulently joined, it is unnecessary for the Court to address further claims against defendant White or any of the claims against defendant Jordan.

In her motion for costs, the plaintiff seeks "just costs, and actual expenses, including attorney's fees, incurred by Plaintiff as a result of the wrongful removal." Motion to Remand and Motion

for Costs, ¶ 8.  Under 28 U.S.C. s 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." This Court has the discretion to order the defendant to pay the costs of the proceedings without regard to any bad faith, negligence, or frivolity on its part.  <u>Miranti v. Lee</u>, 3 F.3d 925, 929 (5th Cir. 1993).  However, in order to award attorney's fees, the Court must find that the defendant improperly removed, taking into account such things as the state of the law and defendant's tactics.  <u>Id</u>. at 928.  When this case was removed, it was not facially apparent that removal was improper.  It was only after the plaintiff's motion to remand was fully briefed that the improper nature of the removal became evident.  Furthermore, the length of time this case remained in federal court is directly attributable to the plaintiff waiting eight months to file her motion to remand.  Therefore, the Court finds that Allstate shall bear the court costs, but not the plaintiff's expenses or attorney's fees.  Accordingly,

 IT IS HEREBY ORDERED that the plaintiff Bobby Mosby's motion to remand **(docket entry 21)** is GRANTED;

 FURTHER ORDERED that the plaintiff's motion for costs **(docket entry 23)** is GRANTED as to court costs and DENIED as to expenses and attorney's fees;

 FURTHER ORDERED that defendant Yolanda B. White's motion to

dismiss **(docket entry 5)** is MOOT.

A separate Order remanding this action to the Circuit Court of Jefferson County, Mississippi, shall follow.

SO ORDERED this the 28th day of September, 2006.

                                        S/DAVID BRAMLETTE
                                        UNITED STATES DISTRICT JUDGE